UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DALE MITCHELL,<br><br>            Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF CORRECTIONS,<br>HAROLD CLARKE, DANIEL WILLIAMS,<br>AND MAGGIE MILLER-STOUT<br><br>            Defendants. | NO. CV-07-0107-LRS<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT is Defendants' Motion For Summary Judgment, Ct. Rec. 33, filed on May 27, 2008. Plaintiff was granted an extension until July 21, 2008 to file a response to Defendants' summary judgment motion (Ct. Rec. 43-text order), and he filed his response on July 24, 2008, which the Court fully considered.

**I.　INTRODUCTION**

Pro se plaintiff, Dale Mitchell, a Washington State prisoner in the custody of the Department of Corrections ("DOC") and currently incarcerated at the McNeil Island Corrections Center ("MICC"), filed a 42 U.S.C. §1983 civil rights claim on July 3, 2007.[1] Plaintiff alleges that Defendants violated his free exercise and equal protection rights under the First and

---

[1] This case was transferred in from the Western District of Washington.

ORDER - 1

Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").[2]  Defendants move for summary judgment with regard to all claims.

## II. STANDARDS OF LAW

**A.  Summary Judgment Standard**

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Pro. 56c. In ruling on a motion for summary judgment the evidence of the non-movant must be believed, and all justifiable inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986).  However, when confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The party must do more than simply "show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (footnote omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

---

[2]Plaintiff's Complaint originally contained due process and denial of access to courts claims for prison disciplinary infractions. Those claims were dismissed on July 3, 2007 in the Order Dismissing Complaint in Part With Prejudice, Striking Certain Defendants and Directing Service of Religion/Discrimination Claims, Ct. Rec. 10.

ORDER - 2

there is no 'genuine issue for trial.' " *Id*. at 587. This court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. To be cognizable on summary judgment, evidence must be competent." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001)(quoting Fed. R. Civ. P. 56(e).

**B.   Standard of Review for 42 U.S.C. §1983**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a "person acting under color of state law," (2) and his conduct must have deprived the plaintiff of "rights, privileges or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908 (1981)(overruled on other grounds in Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662 (1986)). Implicit in the second element is a third element of causation. See Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274, 286-87, (1977); Flores v. Pierce, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 975 (1980). When a plaintiff fails to establish one of the three elements, his claim must be dismissed.

In order to state a civil rights claim, a Plaintiff must set

forth the specific factual bases upon which he claims each defendant is liable. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant cannot be held liable under 42 U.S.C. §1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978); Padway v. Palches, 665 F.2d 965 (9th Cir. 1982). Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

### III. ANALYSIS

#### A. Failure to Exhaust Administrative Remedies

Defendants assert that Plaintiff failed to exhaust his administrative grievances with regard to his claims about his colored kufi headgear and prayer oils. Plaintiff filed grievance log identification number 0209364 grieving the taking away of his colored kufi and challenging the DOC Policy Directive 560.210 which requires him to wear a white or cream colored kufi. Ct. Rec. 33, at 8. Plaintiff withdrew his grievance. Id. Plaintiff resubmitted this grievance under log identification number 0606597. Id. Plaintiff was told the issue was not grievable and was advised to appeal that decision with the Grievance Program Manager. Id. Plaintiff chose not to appeal this grievance denial. Id.

Plaintiff additionally filed grievance log identification number 0606468 challenging DOC Policy Directive 560.210 with regard to the limitation on prayer oils. Id. This grievance was administratively withdrawn when Plaintiff failed to show up for

ORDER - 4

call-out on March 23, 2006, and March 24, 2006. Id. Plaintiff could have appealed this withdrawal of his grievance, but chose not to. Id. Defendants conclude, and the Court agrees, Plaintiff failed to exhaust his administrative remedies with regard to these two issues, therefore, they should be dismissed as a matter of law. Plaintiff's failure to comply with the procedural rules of the grievance process simply cannot be construed, as Plaintiff urges the Court, as an exhaustion of remedies.

**B.  Right to Freely Exercise Religion Not Violated**

Plaintiff alleges violations of his rights in four ways: 1) unavailability of Nation of Islam (NOI) specific services and NOI religious sponsors to provide religious instruction; 2) offenders are not permitted to wear colored kufis; 3) NOI offenders are permitted three types of oils; and 4) a previous DOC policy which prevented an offender from attending an annual cultural event if he/she signed up for an annual religious event and failed to attend.

Plaintiff characterizes DOC's religious policies as a "ban" on Nation of Islam ("NOI") religious activities and services. Plaintiff bases his allegations on a 1987 desk manual for DOC staff, The Handbook of Religious Beliefs and Practices. Plaintiff also suggests that the general Muslim services and practices that are available are 'Sunni,' however, he provides no evidence to support that allegation.

Defendants argue that Plaintiff's rights under the First Amendment and RLUIPA were not violated as none of the alleged violations substantially burdens Plaintiff's ability to practice his religion. Defendants reply that the Handbook Plaintiff

ORDER - 5

1  discusses is nothing more than a guide to inform staff about
2  religions they may encounter while working with inmates and
3  contains no directives to staff or inmates.  Ct. Rec. 24, Fact
4  #18.  In any event, Defendants point out that the Handbook was
5  revised in 2004 and from that date forward no longer contains the
6  language upon which Plaintiff bases his conclusory allegations.
7  Id.  Defendants argue that Plaintiff makes bare conclusory
8  allegation that, because DOC was aware that NOI ministers exist,
9  DOC must have deliberately chosen not to employ one as a sponsor.
10 Defendants reply that Plaintiff provides no evidence to support
11 any of his conclusory allegations.
12       In order for a prisoner to satisfy a First Amendment
13 religious claim, the plaintiff "must show the [defendant] burdened
14 the practice of [his] religion, by preventing him from engaging in
15 conduct mandated by his faith, without any justification
16 reasonably related to legitimate penological interests."  Freeman
17 v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997)(citing Turner v.
18 Safley, 482 U.S. 78, 89, 107 S. Ct. 2254 (1987).  "In order to
19 reach the level of a constitutional violation, the interference
20 with one's practice of religion 'must be more than an
21 inconvenience; the burden must be substantial and an interference
22 with a tenet or belief that is central to religious doctrine.'"
23 Freeman, 125 F.3d at 737 (citing Graham v. C.I.R., 822 F.2d 844,
24 851 (9th Cir. 1987)).
25       RLUIPA provides that:
26           No government shall impose a substantial
             burden on the religious exercise of a person
27           residing in or confined to an institution ...
             even if the burden results from a rule of
28           general applicability, unless the government
             demonstrates that imposition of the burden on

ORDER - 6

```
            that person.
            (1) is in furtherance of a compelling governmental
            interest; and
            (2) is the least restrictive means of
            furthering that compelling governmental
            interest.
42 U.S.C. §2000cc-1(a).
```

Under RLUIPA, plaintiff "bears the initial burden of going forward with evidence to demonstrate a prima facie claim" that the challenged state action constitutes "a substantial burden on the exercise of his religious beliefs." Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005) (citing Cutter v. Wilkinson, 125 S. Ct. 2113, 2119 (2005)). "[A] burden is substantial under RLUIPA when the state denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." Shakur v. Schriro, 514 F.3d 878, 888 (9th Cir. Jan. 23, 2008)(internal quotes omitted).

A prison's "accommodation of religious observances" should not be elevated "over an institution's need to maintain order and safety." Cutter, 125 S. Ct. at 2113. On the contrary, "an accommodation must be measured so that it does not override other significant interests." Id. Furthermore, "prison security is a compelling state interest, and ... deference is due to institutional officials' expertise in this area." Id. at 2124 n.13.

RLUIPA provides greater protection than the First Amendment by protecting activities that an offender sincerely believes are central to their religion, rather than just those activities which are central to their religion as determined by the tenets of that religion. A policy which passes constitutional scrutiny may not

pass scrutiny under RLUIPA, however, if a policy survives the RLUIPA analysis, it survives the First Amendment analysis.

Defendants assert that Plaintiff has not made a valid claim under RLUIPA or the First Amendment as he has not demonstrated that his religious practice has been substantially burdened by Defendants.

To illustrate this point, Defendants argue that the lack of separate Muslim services does not substantially burden Plaintiff's religious practices. DOC provides Muslim services at AHCC every Friday for Jumah prayer. The Friday Jumah is a 'generic' Muslim service intended to reach all Muslims. Plaintiff, as a declared member of the Nation of Islam, can and does attend that prayer service. The Court agrees with Defendants that Plaintiff cannot demonstrate that the lack of a group service that is NOI specific puts substantial pressure on him to modify his behavior and violate his religious beliefs.

Plaintiff's attempt to characterize the Muslim services as a religion that has been established by DOC is also flawed. DOC itself does not provide religious worship, exercise, or instruction. Rather, through its chaplains, it coordinates people from the community from various religions to come into the prisons to provide religious support for the offenders who practice those religions. DOC cannot force persons from the community to come into the prison to provide the religious accommodations requested by the offenders. Ct. Rec. 24, Fact #28. DOC could offer an NOI specific service at AHCC if it were able to locate a sponsor willing to conduct services there. But as Plaintiff has acknowledged, DOC has been unable to locate an NOI sponsor. Id.

ORDER - 8

Fact #31.

As to Plaintiff's inability to wear a colored kufi, and the limitation to three types of prayer oils, these claims have not been exhausted as argued above.

Plaintiff also challenges a former DOC policy, Administrative Bulletin No. 06-001, which prevented an offender from attending an annual cultural event if he/she signed up for an annual religious event and failed to attend that event. Defendants argue that Plaintiff's claim fails for two reasons: 1) this issue was resolved through the grievance process at AHCC and the policy rescinded rendering Plaintiff's claim moot; 2)a policy which prevents an offender from attending a cultural event does not infringe on any right protected by RLUIPA or the First Amendment-Plaintiff has not alleged he was denied the ability to practice his religion because of this policy.  As such, Plaintiff's allegations fail to state a claim under RLUIPA and the First Amendment.

Plaintiff's claim that the "Handbook of Religious Beliefs and Practices" somehow violates his First Amendment rights also fails. As Defendants point out, this Handbook is not DOC policy. Further, the Handbook was updated in 2004 and no longer contains the language about which Plaintiff complains.

In conclusion, the Court finds that Plaintiff has failed to demonstrate that the Defendants have substantially burdened his religious exercise.  Therefore, his claims do not survive the strict scrutiny applicable under the First Amendment and the heightened scrutiny applicable under RLUIPA.  These claims are dismissed.

ORDER - 9

**C.  Religious Rights Under Establishment Clause Not Violated**

Plaintiff alleges a violation of the establishment clause of the First Amendment which states, "Congress shall make no law respecting an establishment of religion."  Plaintiff alleges that Defendants have violated the establishment clause in three ways: 1) by preventing him from attending a Juneteenth celebration because he signed up for a religious event and failed to attend; 2) by not providing a sponsor for NOI services; and 3) by advancing "specific religions with privileges and favors Sunni Muslim view points."  See Complaint at ¶5.7.

Defendants argue that Plaintiff not being able to attend the Juneteenth celebration, a cultural event, does not violate his religious rights under RLUIPA or any clause of the First Amendment. Additionally, Defendants argue, Plaintiff has access to services and the lack of a NOI sponsor does not prevent him from practicing his religion nor does it establish a religion in violation of the First Amendment.  With regard to Plaintiff's third claim under the establishment clause, he has made no showing that Defendants have advanced the Sunni Muslim religion.

DOC Policy Directive 560.210 does not advance any particular religion, rather it provides for religious freedom of all offenders.  Defendants have not advanced the Sunni Muslim faith over NOI and Plaintiff has presented no evidence to prove otherwise.  Plaintiff is not required to attend Jumah prayer services with Sunni Muslims or attend any other religious event which Sunni Muslims are permitted to attend.  If a sponsor were located for NOI services, they would occur.  The Court finds no violation of Plaintiff's religious rights under the establishment

ORDER - 10

clause.

### D. Plaintiff Was Not Discriminated Against-Right to Equal Protection Not Violated

Plaintiff alleges his rights under the Equal Protection clause of the Fourteenth Amendment were violated by Administrative Bulletin 06-001 and by DOC not locating a sponsor to provide NOI services. Plaintiff alleges that this bulletin "is discriminatory targeting only minority cultural events." Defendants argue that both of these claims fail. Administrative Bulletin AB-06-001 is content neutral and is applied to all cultural events. Defendants argue that rhe fact that no NOI sponsor has been located does not demonstrate that NOI offenders are being treated differently because they belong to a suspect class nor does it demonstrate intentional discrimination on the part of Defendants. The Court finds Defendants position convincing. Defendants are entitled to judgment as a matter of law on this claim.

### E. Civil Rights Claims Against Defendant Clarke Must Be Dismissed

Plaintiff cannot show that Defendant Clarke personally participated in causing the deprivation of a constitutional right. Plaintiff alleges only that Defendant Clarke failed "to discharge duties as secretary of DOC," that he "failed to provide the least restrictive means," "failed to protect plaintiff from discrimination," and failed "to hire NOI sponsors within DOC facilities." See Complaint, ¶¶5.18-5.22. Defendants contend that Plaintiff has made nothing but "sweeping conclusory allegations" against Defendant Clarke and has set forth no facts to showing that Defendant Clarke's actions caused any harm suffered by Plaintiff. Defendants suggest that Plaintiff named Defendant

ORDER - 11

Clarke because he was the Secretary of DOC under a theory of respondeat superior, or vicarious liability.

The Court agrees that Defendant Clarke must be dismissed as Plaintiff has not shown that he personally participated in causing the deprivation of a constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). Plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980). This has not occurred. Defendants in a 42 U.S.C. §1983 action cannot be held liable based on a theory of respondeat superior or vicarious liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, Defendant Clarke cannot be held liable under 42 U.S.C. §1983.

**F.   Defendant DOC Must Be Dismissed**

Defendants argue that Defendant DOC must be dismissed as it is not a "person" under 42 U.S.C. §1983. Under 42 U.S.C. §1983, only persons may be held liable for deprivation of constitutional rights. The DOC is an "arm of the state" and therefore is not considered a person under §1983. Defendants assert that Plaintiff's civil rights claims against DOC must be dismissed because it is not a person under 42 U.S.C. §1983. The Court agrees with Defendants' position and hereby dismisses the §1983 claim against the DOC.

**G.   Statute of Limitations Bars Some Claims**

Defendants note that the applicable statute of limitations for this 42 U.S.C. §1983 lawsuit is RCW 4.126.080(2), which is three years. The statute of limitations for actions brought under RLUIPA is four years. 28 U.S.C. §1658. Plaintiff alleges that he

ORDER - 12

has been denied participation in NOI group worship "since his arrival 11-years ago." See Complaint, ¶4.24. Defendants argue that any claims that were brought under 42 U.S.C. §1983 prior to March 21, 2004 and any claims brought under RLUIPA prior to March 21, 2003 are barred by the applicable statute of limitations. The Court agrees with Defendants' position.

**H.   Defendants Are Entitled to Qualified Immunity**

Under the doctrine of qualified immunity, prison officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Prison officials are protected by qualified immunity unless they violate clearly established law of which a reasonable person would have known. Id. The qualified immunity standard is a generous one. It "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Hunter v. Bryant, 502 U.S. 224, 229 (1991) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

Applying the standard is a two-part process. The first question is whether the law governing the official's conduct was clearly established. If the relevant law was not clearly established, the official is entitled to immunity from suit. Somers v. Thurman, 109 F.3d 614, 617 (9th Cir. 1997), cert. denied, 522 U.S. 852 (1997). If the law was clearly established, the next question is whether, under that law, a reasonable official could have believed the conduct was lawful. Id. If either prong is satisfied, then the official is entitled to qualified

ORDER - 13

immunity.

A plaintiff who seeks damages for the violation of a right protected by the United States Constitution or other federal law may overcome the qualified immunity defense only by showing that the rights infringed were clearly established by federal law at the time of the conduct at issue. Davis v. Scherer, 468 U.S. 183, 197 (1984); see also Thorne v. City of El Segundo, 802 F.2d 1131, 1138 (9th Cir. 1986). The failure of a plaintiff to show that the federal right was clearly established at the time it was infringed mandates that judgment be entered for the defendant. Lutz v. Weld Co., School Dist. No. 6, 784 F.2d 340, 343 (10th Cir. 1986).

Defendants concede that the law is clearly established that an offender has a right to exercise his religious beliefs while incarcerated and that Defendants cannot substantially burden that exercise absent a compelling governmental interest.  Defendants argue, though, that the law is not clearly established that an offender is entitled to every accommodation he seeks for his religious exercise and that Defendants cannot place limits on the accommodations provided.  Defendants assert that there is no case law to support Plaintiff's assertion that he must be permitted to have NOI Jumah, a colored kufi and any prayer oils (beyond the three types-musk,rose and jasmine-already available) he wishes. Defendants conclude, and the Court agrees, that the individual Defendants are clearly entitled to qualified immunity.

### IV.   CONCLUSION

For the aforementioned reasons, Plaintiff's claims against the Defendants are dismissed with prejudice.

**IT IS ORDERED** that:

1. Defendants' Motion for Summary Judgment (**Ct. Rec. 32**) is **GRANTED**. All claims against all Defendants are dismissed with prejudice.

2. The Clerk is hereby directed to enter Judgment in favor of the Defendants and consistent with this order.

3. The Clerk of the Court is directed to file this order and forward copies to counsel for Defendants and to Plaintiff; and to **CLOSE FILE.**

DATED this 3rd_day of October, 2008.

                                  s/Lonny R. Suko
                                  _____
                                    LONNY R. SUKO
                            United States District Judge